Your Honor, John Costin appearing before Ms. Burt, and I always am very happy to be here in San Francisco, appearing before this court. This case is actually not a very difficult case, not a very complicated case. There's a couple of issues before you. The first issue is, is there anything on the record that would support her justification defenses. If the court finds that there is anything in the record, and I think there is an admission by the government that there is something in the record that would support the justification defenses, although the government considers it de minimis, then the court needs to ask the second question, was it air, first of all the court looks at the record for an abuse of discretion to see if there's anything in the record that would support the justification defense, and then it looks de novo whether it was air not to give the justification instructions to the jury on the two issues that we raised. Well, you raised one on estoppel, and the other one you raised on apparent public authority. No, there is a difference. And the estoppel comes when the government does something it shouldn't have done. And the public, the apparent public authority defense focuses on the mental state of the defendant. Isn't that true? That's true. The difference between the two. Well, there is a difference. It's very small. Well, if you got one, would you have been satisfied with one? Yes, Your Honor, I would have been satisfied. Well, if you had to choose one, which one would it be? It probably would have been the entrapment by estoppel. Okay. Did you present to the judge, you did present the approved instruction on that, didn't you? That approved by the 9th Circuit? For the apparent authority, yes, I did. I gave the model instruction, and then I gave a couple of what I would consider a sample instruction. Now, the standard of review is abuse of discretion, is that correct? As to whether there are any facts in the record that would support the justification defense. All right. Now, essentially, it was your client's word against the federal agent's word, correct? That's correct. And it looks like the court made a credibility call. So how do I climb over that? It's not for the judge to make the credibility call in this particular instance. When she says something... You also said there was a, you started by saying there was a concession or an admission by the government on the record that there's evidence to support you, is that right? Yes, sir. Tell me where that is. That appears on page 27 of their, of the appellee briefs, where the government says, except for the defendant's testimony, there was no evidence that the Border Patrol agents misled the defendants into believing that she had to gather information. So you take that as a concession that the defendant's testimony, right, supports the defense? I don't need to take it as a concession. It's clear on the record, on page 145 of the excerpt, she states, I asked them, how did they expect me to get this information? They told me that as long as it was anything that I was doing was for the sole purpose of gathering information for them, then it would not be illegal. Once she says that to the jury, the judge cannot make the credibility call. It's for the jury, for the panel to make the credibility call. Even though the judge might disbelieve her version of what happened? Well, it's a jury question. It's an absolute jury question. A judge? Well, it would seem then you could always make it a jury question if, because then any lawyer would say, well, just get up on the stand and contradict the officer, true or not true. I mean, so then you're saying it's always a jury question? Always. I can't accept that. I mean, there has to be some ‑‑ there's got to be ‑‑ if the courts got to decide if there's substantial evidence that more than a scintilla, if a person could make a claim regardless of if the claim was, well, there are, you know, there's blue Martians or whatever, and it just ‑‑ you know, the court's got to do something, otherwise you're talking about the court as a potted plant. Now, whether the court does what, you know, resolves what a jury should do, it's got to be somewhere in between there. But that's where I can't buy exactly what you're saying. We're talking apples and oranges here. All right. A scintilla of ‑‑ more than just a scintilla of evidence means evidence that the jury can bring. It does not have to be substantial evidence or otherwise any time that a defendant took the stand and the judge didn't like the defendant, the judge has the authority not to give the defendant's theory of the case. The judge does not have that authority. Is weak evidence enough? Yes. Okay. More than just a scintilla. So it can't be a scintilla. It doesn't have to be substantial, but it can be weak. You know, how do you define what's a scintilla? It can be weak in that case. Absolutely. It can be weak. As long as it's something that's directly in front of the jury. You know, it's ‑‑ how are you guys going to sit there and define what's a scintilla of evidence as opposed to ‑‑ Well, how good we are at it is another thing. But whether the law lets us do it, it seems to. Absolutely. I mean, there's no question about that. If it's a scintilla, you lose. If it's more than a scintilla, you win. I guess that's what the law says. Even though it says it's substantial. No, the law is more than a scintilla of evidence. That's something different than substantial evidence. If there was substantial evidence, then the judge for all practical purposes could decide, well, I believe this is substantial evidence and I'm not going to let the government present any evidence contrary to it and I'm going to give a directed verdict. Mr. Coffman, address ‑‑ I think this is what you have the argument with. So address this portion of the district court's order. This is page 59 of the excerpt, right next to the last paragraph. The court there concludes that the magistrate judge correctly found that there was no evidence to support defendant's argument that the government led her to believe that she should or could engage in that conduct. As the magistrate judge noted, no relief because, one, undisputed, she was told she could not violate the law. Two, she never contacted the agents after the meeting. And three, agents had nothing to do with the smuggling activity. And that's essentially the basis of the district court's ruling, right? That was the magistrate's ruling. Adopted by the district court. Adopted by the district court. And then the district court, based upon that, refused to give the requested instructions. So what's wrong with that ruling? Well, what's wrong with it is that the district court just didn't listen to the evidence. And again, on my reply brief on pages four and five, I gave the testimony that Ms. Burke gave in front of the magistrate court, which was exactly the same. Again, Agent Scott tells her that as long as she's gathering information, that I would not be getting in trouble because it was for the sole purpose of getting them information. And that appears on page four and five of my reply brief. I have a question about when you appeared, when the magistrate issue was up, that was a motion for dismissal, wasn't it? Yes, sir. So that would have to establish the defense as a matter of law, not a matter of fact, wouldn't it? Yes, sir. So when the magistrate made that ruling, as applied to what was before him, he was really ruling that he couldn't grant the dismissal as a matter of law. Isn't that right? What he ruled was that as a matter of law, I was not entitled to those defenses. Well, you weren't either. Well, I think I... You admit that, now you're saying all you have to have is not as a matter of law, you have to have as weak evidence to get a new trial. The magistrate made a mistake. That, those defenses are for the jury to decide, not matters of law, therefore the court decide. If the magistrate decided as a matter of law, there would have been no evidence to the contrary. The government presented evidence to the contrary that they had not made this statement to her. So then it's a question of fact and not a question of law. As Judge Wright says, so these defenses were presented on a motion to dismiss, motion was a trial in the form of requested instructions. That's correct, Your Honor. I continuously renewed them. I challenged the magistrate decision, I challenged the district court's decision, I moved for a new trial. Did the defendant testify? Yes, she did. At the trial, I mean. Yes, she did, and at the suppression motion, and at the motion. And was her trial testimony essentially the same as the magistrate? Absolutely the same. All right. Thank you for your comments. With no further questions, I thank the court for its time. May it please the court, my name is Jeffrey Jacobson, I represent the United States in this case. The district court correctly refused the defendant's requested jury instructions because it found, one, there wasn't evidence to support them, and second, that the other instructions in the case adequately covered the defendant's theory of the case and her essential defenses. What you're saying, then, is that even if she had a strong case, the instruction would have been adequate when he said the government has the burden of proving that she intended to violate the law. Well, which instruction? That she intended to, you know, bring these people in from Mexico. Well, it's an interesting question, because if the case, and what I think the record bears out, that if the defendant's case was stronger, that as a matter of law, the magistrate would have said that the defendant was entitled to those defenses. Well, wait a minute. The magistrate had ruled that on where the government disputed it and dismissed it as a matter of law, you would have come up to the Ninth Circuit right away, because it was a dispute. So I don't gather that from your argument. I don't know necessarily that, Your Honor, because what the testimony bared out was that the defendant's self-serving position was that she was only the – Well, it doesn't matter how self-serving it is. It's still entitled, in a sense – Is it evidence? When a defendant testifies at a trial, it's always self-serving, so that doesn't make any difference at all. The question is, you know, was there any evidence at all that, you know, the jury should have made a decision on? Well, I think I have to concede, at least in some respect, it is evidence. I mean, anytime somebody testifies, it is evidence. You conceded, I think, right. You did concede in your brief. It is evidence. Except for the defendant's testimony, there was no evidence to sustain this defense. That's correct. That remains the government's position. Given the fact that there is evidence to sustain the defense, wasn't it error not to give the instruction? No. Forgetting whether or not it was prejudicial or not, it was not error? No. And the district court three times reviewed exactly what the evidence was in this case. It reviewed – Are you calling this then – would you characterize that evidence as a scintilla as opposed to weak? Much less than scintilla. In fact, far less than weak. Because the defendant didn't testify consistent between the evidentiary hearing and the trial. For example, at the evidentiary hearing, the defendant testified, and this is in the supplemental excerpt to record at 195, that she never – that Border Patrol never told her that she wasn't working for Border Patrol. At the trial – That's a couple of – that's a double negative thing. Go through that. Say that again. At the evidentiary hearing, the defendant testified that Border Patrol never told her that she wasn't working for them. So Border Patrol never said, you're not working for us. Which is an essential – it's an important part of this case. At trial, and this is at the excerpt to record at 169, she admitted that Border Patrol told her that she was not working for them. So that is a material inconsistency between her trial testimony and her evidentiary hearing testimony. No, but that's – that really goes to whether she was an actual agent. But here's what I understand her most favorable testimony is. That after she was arrested the first time, and she wanted to cooperate and they were interested because there had been some heat about this, and they said, come on in tomorrow morning at 9 o'clock. And there was an understanding that if she could cooperate and tell them about what was going on, she should notify them, which she didn't do. But nevertheless, there's enough, it seems to me, in there that there's an inference that they told her that any time you've got some information, you're doing what we want you to do. And you won't get arrested for that. Well, I – I didn't say it exactly, but you know what the record is. Yes. And I don't know, Your Honor, if that's what the inference is. In fact, the Border That's one side of the story. But, you know, that doesn't – The defendant admitted it. That doesn't weigh in the balance of whether, you know, she's entitled to go to the jury. She said, and I'm quoting from her trial testimony, right, what were you instructed to do? They wanted me to go and find out times, places, locations, and so forth. They asked you specifically to get that information. Yes, they did. Who asked you? The intelligence officers and so forth. And then what was your understanding of what you were going to get out of it? Not to be prosecuted. That if you cooperated with them and provided them with more information, you would not be prosecuted. The answer, yes. I mean, how much clearer can you get? You could choose not to believe it, but, I mean, isn't that assertion of a public authority defense? They told me to do it. They told me what they wanted. They told me if I did it, I wouldn't be prosecuted. She also admits that the Border Patrol told her not to do anything illegal. That's all right. And that was – It's not illegal to act under the authority of the Border Patrol. You have paid informants all the time, or non-paid informants, right? Doing things that would otherwise be illegal. The magistrate court found that the defendants – It's not his authority to make a finding on it. Go to the jury. That's on the motion to dismiss, but not on the instruction on whether to go to the jury. This is what the district court adopted in terms of that. Even if – and I'm quoting from the district court's ruling adopting the magistrate's report. You're talking about on the motion to dismiss. Yes. Which is, as a matter of law, determining whether or not entrapment by estoppel, equitable estoppel, and outrageous government conduct apply. Even if the agents deceived the defendant into believing that she had to provide information to avoid prosecution, that falls far short of establishing that the agent's statements led the defendant to believe her activity on May 28, 2003 would be legal. He went on to say – Maybe he could find that on the motion to dismiss, but that's a different animal from finding a non-entitlement to an instruction at trial. And here's what is important about this case, is that the defendant placed this defense squarely before the jury, even though – Not an instruction. With the intent instruction, the United States still has to prove the intent element beyond a reasonable doubt. Let's say it was error not to allow those defenses. Is there any way you can dig yourself out of that hole? Well, if it is error, I think the government's position is that it's harmless. Because the intent instruction, and I think the law says – certainly the law says that under the Nieder case, that any error can be harmless error. Any error in not giving a jury instruction can be harmless. So if the defendant's defense is squarely before the jury, which it was, she wasn't precluded in any way from presenting her mental state to the jury. She wasn't precluded in any way from arguing to the jury that the reason why she was there was because of disbelief. All right. To find her guilty, what was the intent element that had to be satisfied under the instructions that were given? Correct. What was the intent element that the jury had to find? That she intended to commit this criminal act. That she intended to assist the – that she intentionally committed these acts. And that she knowingly transported illegal aliens for the purpose of furthering their – furthering their existence in the United States. Does that necessarily preclude that they could have found the existence of those defenses? If they had been given all of it? Right. Yes. I mean, in other words, the jury's verdict that she intentionally committed these acts and that she intended to be part of the conspiracy and to further their presence in the United States, if they believed – if the jury believed the defendant's defenses, they couldn't have convicted her. Well, wait a minute. There's no question what she did. She was bringing aliens in. There's no way the jury, without an instruction, would know that even though she intended to do this, she was doing it for another purpose, to assist the public authority. You know, the defendant is entitled to a specific instruction of her theory of the defense and not to accept the government's instruction, which doesn't cover it. Well, she is entitled to her theory of the case instruction if it's supported by law and has some foundation in the evidence. That's what we're talking about. Under the Ramirez case – Has some foundation in the evidence. And under the Ramirez case – You're saying really no, and the other side's saying yes, and we've got to look at the record. Did you try this case? Yes, sir. All right. You recall, did the defense counsel argue that, well, you know, the defendant's testimony that if you believe her, then obviously she didn't have any intent to commit this crime, so you should find her not guilty. Was that kind of argument made? Yeah, I believe so, Your Honor. Based on my recollection of the evidence, I'm sure Mr. Kaufman can – But that's your recollection? That is my recollection. Yeah, but even if it were made, if the jury didn't have anything in the instruction to back it up, they'd just throw it out the window. Right? Well, you don't have to say that. I believe my time is up, Your Honors. If there are no other questions, I'll take my seat. All right. This matter then will stand submitted. Thank you. The Court's going to take just a brief recess before the next two cases. Okay. Excuse me, Your Honor. May we be excused? Oh, yes. You're excused. Let me just say, these ten minutes when you guys are asking questions really defy the principles of physics. They just go by so quickly. Well, I guess that the whole thing is – and someone advised this of me – is that it really are ten minutes to ask the questions that we want. So don't feel disappointed. If we wanted to keep you longer, we would. Thank you. Thank you.
judges: Bright, Tashima, Callahan